UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WELLS FARGO N.A., successor-in-interest to WACHOVIA SBA LENDING, INC., doing business as Wachovia Small Business Capital,<br><br>Plaintiff,<br><br>v.<br><br>DONALD CHILL, individually and on behalf of the marital community,<br><br>Defendant. | CASE NO. 10-cv-05348 JRC<br><br>ORDER RENOTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (see also Joint Status Report, ECF No. 9; Order on Consent to Proceed Before a United States Magistrate Judge, ECF No. 10).

This matter has come before the Court on plaintiff's Motion for Partial Summary Judgment (ECF No. 23).  The Court notes that defendant is incarcerated and is representing himself *pro se*.  In similar circumstances, the Ninth Circuit has required that

a *pro se* prisoner be given special notice before the court grants summary judgment against him or her.  See <u>Rand v. Rowland</u>, 113 F.3d 1520 (9th Cir. 1997).  The Ninth Circuit has ruled that this notice applies not only in Section 1983 cases but other civil cases that impact *pro se* prisoners.  See <u>S.E.C. v. Nite</u>, 207 F.3d 1134 (9th Cir. 2000).  This special notice is required because of the unique status of prisoners required to handle complex legal matters without legal representation.

Very recently, the Ninth Circuit held that such notice should be provided contemporaneously with the summary judgment motion.  See <u>Woods v. Carey</u>, 09-15548, __ F.3d __ (9th Cir. 2012).

The record does not reflect that defendant ever received <u>Rand</u> notification.  This order is intended to provide this notification.

In accordance with <u>Rand</u> and its progeny, defendant is advised that when plaintiff files a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, defendant should review the rule for purposes of determining a response.  Rule 56 requires a nonmoving party (in this case, defendant) to submit affidavits or other evidence in opposition to the motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or denials of prior pleadings.  Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial.  Failure by defendant to oppose this summary judgment motion or to present counter evidence could result in the Court accepting the moving party's

evidence as the truth, and entering final judgment in favor of the moving party without a full trial. <u>Rand v. Rowland</u>, 113 F.3d 1520 (9th Cir. 1997).

Plaintiff's Motion for Partial Summary Judgment is renoted for August 10, 2012. The Court will consider anything defendant wishes to submit in response to plaintiff's Motion for Partial Summary Judgment, so long as defendant files such response by August 6, 2012. Any reply by plaintiff must be filed by August 10, 2012.

The parties are advised that all other deadlines set forth in the Court's Scheduling Order (ECF No. 18) remain in effect.

The clerk is directed to send a copy of this order to all parties and renote plaintiff's Motion for Partial Summary Judgment to August 10, 2012.

Dated this 13th day of July, 2012.

J. Richard Creatura
United States Magistrate Judge