UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WELLS FARGO N.A., successor-in-interest to WACHOVIA SBA LENDING, INC., doing business as Wachovia Small Business Capital,<br><br>Plaintiff,<br><br>v.<br><br>DONALD CHILL, individually and on behalf of the marital community,<br><br>Defendant. | CASE NO. 10-cv-05348 JRC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Joint Status Report, ECF No. 9; Order on Consent to Proceed Before a United States Magistrate Judge, ECF No. 10).

THIS MATTER has come before the Court on the plaintiff's Motion for Partial Summary Judgment (ECF No. 23). The Court has reviewed plaintiff's Motion for Partial

Summary Judgment (ECF No. 23), the Declaration of Jason W. Alexander (ECF No. 24) and the Declaration of Christiana Anderson (ECF No. 25).

The Court noted that when plaintiff filed this notice for summary judgment against this *pro se* prisoner defendant, plaintiff did not provide notice consistent with the Ninth Circuit authority, which requires that a *pro se* prisoner be given special notice before the court grants summary judgment against him or her. *See Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997). The Ninth Circuit has ruled that this notice applies not only in Section 1983 cases but other civil cases that impact *pro se* prisoners. *See S.E.C. v. Nite*, 207 F.3d 1134 (9th Cir. 2000). This special notice is required because of the unique status of prisoners required to handle complex legal matters without legal representation. Very recently, the Ninth Circuit held that such notice should be provided contemporaneously with the summary judgment motion. *See Woods v. Carey*, 09-15548, __ F.3d __ (9th Cir. 2012). Therefore, this Court provided notice to defendant and re-noted the motion (see ECF No. 26). Defendant has not provided any further response.

Defendant has previously admitted to falsifying his business' books and records and falsifying loan documents. Defendant is currently serving a sentence for bank fraud and mail fraud due, in part, to those actions. Defendant is subject to a civil judgment in addition to the criminal penalties. This Court GRANTS plaintiff's Motion for Partial Summary Judgment.

## FACTUAL SUMMARY

Defendant has chosen not to respond to plaintiff's Motion for Partial Summary Judgment. Therefore, the following facts are taken from plaintiff's uncontradicted

declarations and are accepted as true.  Defendant Donald Chill was the owner and sole shareholder of Charles Prescott Restoration, Company ("CPR") from approximately 1995 until 2007 (ECF No. 23, Exhibit 1, page 6, ¶10A.  CPR was a disaster restoration company specializing in rehabilitating real and personal property damaged by fire, flood and other disasters (*id*.).  Much of the work came from insurance companies (*id*.).

According to a plea agreement signed by the defendant, beginning in 2004, at his direction, CPR submitted false and fraudulent information to Mutual of Enumclaw Insurance Company relating to CPR's insurance reimbursements.  *Id*. at ¶10(c).  Defendant fabricated competing estimates, altered invoices, and increased CPR's claimed amounts (*id*.).  In the ten (10) jobs that were the subject of the plea agreement, defendant had fraudulently overbilled Mutual of Enumclaw by approximately $3.2 million (*id*.).

In May of 2007, CPR entered into a stock purchase agreement with Matthew Smith Company, Inc. ("MSC"), which applied for a Small Business Administration loan from plaintiff in connection that transaction (ECF No. 25, ¶3, Anderson Declaration; Exhibit 1, page 7, ¶10(e)).  As part of that transaction, defendant submitted a "Sellers Certification" which represented that CPR had no exposure for false billings and that CPR had obtained business through legitimate means and followed applicable laws (*id*.).  Defendant admits that this representation was materially false.  (ECF No. 24, Exhibit 1, page 8, ¶10(e).

In this criminal case, defendant agreed to provide restitution in the amount of $1,708, 062.72 in relation to these transactions (*id*., Exhibit 2).

Plaintiff is the successor in interest to Wachovia SBA Lending, Inc. pursuant to an assignment (ECF No. 25, at ¶7).

The stock purchaser, MSC, also obtained a judgment against defendant for rescission of the stock purchase agreement and for violation of the Washington State Securities Act in the Superior Court of Washington for Clark County, Case No. 08-2-00611 9 (ECF No. 24, Exhibit 3). MSC assigned the MSC judgment against defendant to plaintiff (*id.*, Exhibit 4).

Plaintiff filed this complaint in federal court alleging, among other things, common law fraud. According to plaintiff:

> Plaintiff filed this lawsuit in order to preserve and enforce its community property collection right, as well as preserve its discharge defense rights should Defendant seek bankruptcy protection. These rights and protections are not certain to be available under the Criminal Restitution Award, the MSC Judgment, or the Borrower Judgment for various reasons. Plaintiff is not seeking to collect more than the amount it had been damaged. As such, once a judgment is entered in this case, for every dollar collected, it will provide credit not only under the judgment entered in this case, but also under the MSC Judgment, Borrower Judgment and the Criminal Restitution Award.

ECF No. 26, page 5-6.

Defendant's spouse is not named as a party in this action, nor does this Court offer any opinion regarding the liability of the community for defendant's actions. This Order is limited specifically to plaintiff's Motion for Partial Summary Judgment on the issue of liability.

Plaintiff states that it has collected amounts pursuant to the Criminal Restitution Award and as of June 25, 2012 is owed the principal sum of $1,187,084.45, together with

interest thereon in the amount of $862,542.20 and that interest will continue accrue on the principal sum from June 26, 2012 at the rate of 10.5%, which calculates to $341.49 per day (ECF No. 25, ¶8). Defendant has also been assessed late fees in the amount of $1,349.22 (*id.*).

## STANDARD FOR SUMMARY JUDGMENT

According to Fed. R. Civ. P. 56(c), summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party must present admissible evidence to support its factual assertions. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate that there remains an issue of material fact. *Celotex Corp. v. Katrett*, 477 U.S. 317, 323 (1986). If the moving party has the initial burden of proof, then the movant must submit evidence of the elements of the case. In order to prove fraud, plaintiff has the burden of proving: (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the falsehood should be acted on by the person to whom it is made; (6) ignorance of its falsity by the person to whom it is made; (7) reliance on the truth of the representation; (8) his right to rely upon it; and (9) consequent damages. *Pedersen v. Bibioff*, 64 Wn. App. 710, 723 (1992).

All of these elements have been met by the admission made in defendant's plea agreement and has been offered against him in this action (ECF No. 24, Exhibit 1, ¶10). Additionally, Christina Anderson, on behalf of plaintiff has verified that plaintiff relied

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

on defendant's statements and had a right to rely on defendant's statements, resulting in damages (ECF No. 25, ¶¶5-6).

Defendant's admissions in the plea agreement are not hearsay and are admissible under Federal Rule of Evidence 801(d) (2). Additionally, statements in a plea agreement are preclusively established for the matters asserted therein. *In re Reed*, 525 F.3d 805, 812-13 (9th Cir. 2008).

For these reasons, this Court enters summary judgment in favor of plaintiff on the fraud claim contained in the second cause of action in the principal sum of $1,187,084.45, together with interest of $867,664.55 ($862,542.20 (through 6/25/2012), plus $5,122.35 (6/26/2012 though 7/10/2012)), plus interest which will continue to accrue at the rate of 10.5% at the rate of $341.49 per day, plus late fees in the amount of $1,349.22, plus plaintiff's costs and disbursements herein.

Dated this 14th day of August, 2012.

_____  
J. Richard Creatura  
United States Magistrate Judge